UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FHARMACY RECORDS a/k/a
FHARMACY RECORDS PRODUCTION CO.,
FARM I PUBLISHING CO., and
SHELTON RIVERS

       Plaintiffs,

v.                                                  Case No. 05-72126
                                                  Hon. Victoria A. Roberts

EARL "DMX" SIMMONS, SALAAM NASSAR,
DAVID STYLES, CURTIS JACKSON, DARRIN "DEE" DEAN,
ISLAND DEF JAM MUSIC GROUP, RUFF RYDERS,
BOOMER X PUBLISHING, INC., DEAD GAME PUBLISHING,
JUSTIN COMBS PUBLISHING, PANIRO'S PUBLISHING,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,
EMI APRIL MUSIC, INC., SOO SOO'S SWEET SWISHER MUSIC,
and JOHN DOES, AGENTS, and ATTORNEYS,

       Defendants.

_____

**ORDER**

**I.    INTRODUCTION**

      This matter is before the Court on Defendants' Motion for partial dismissal and for sanctions.  For the following reasons the Court **GRANTS** the motion to partially dismiss and **GRANTS** the Defendants' motion for reasonable costs and attorney fees.

**II.    BACKGROUND**

This action arises out of alleged unauthorized use and reproduction by the Defendants, of a musical composition created by the Plaintiffs.  The Plaintiffs are Fharmacy Records, Farm 1 Publishing Co., and Shelton Rivers (collectively "Plaintiffs"). The Defendants who originally filed this motion are Island Def Jam Music Group, Inc., Universal Music Publishing, Inc., and Universal Music & Video Distribution, Corp.  The Defendants EMI April Music Inc. and Curtis Jackson filed concurrences.  They are collectively referred to as "Defendants."

On May 31, 2005, Plaintiffs filed a three count Complaint.  The Plaintiffs alleged (1) copyright infringement; (2) unfair competition; and (3) intentional interference with contractual and advantageous business relationships.  According to the Plaintiffs, they created a song titled "ESS' Beats" which the Defendants sampled and reproduced in a song titled "Shot Down feat. 50 Cent and Styles" all in violation of the Plaintiffs' copyright.

On June 30, 2005, the Defendants filed a motion to dismiss the unfair competition and intentional interference claims ("state law claims").  The Defendants argue these claims are preempted by the Copyright Act[1].  The Defendants also seek sanctions.  The Defendants prevailed on the same argument in another case, against Plaintiffs' counsel, and were awarded sanctions[2].

Prior to filing this motion, on June 21, 2005, the Defendants sent a letter to the

---

[1] 17 USC §101 et seq.

[2] See Exhibit 4 of Defendants' Motion, Eastern District of Michigan District Court Judge Battani dismissed claims of unfair competition and unjust enrichment with prejudice, and awarded costs for the filing of a response to the plaintiff's motion to file an untimely response to defendant's motion to dismiss.

Plaintiffs requesting them to dismiss the state law claims, arguing they were preempted, as were the claims in the previous case. [Defendants' Motion, Exhibit 5]. The Plaintiffs did not respond to the letter. However, on July 1, 2005 a notice was filed by Plaintiffs, withdrawing the state law claims. The Defendants filed their answer to the Complaint on June 30, 2005.

The Defendants contend the notice was improper. They claim the Court must enter an order dismissing the state law claims. The Defendants seek dismissal with prejudice, arguing the claims are clearly preempted by the Copyright Act.

### III.     APPLICABLE LAW AND ANALYSIS

#### A.     Voluntary Dismissal

The Plaintiffs are not entitled to voluntarily dismiss the state law claims. In accordance with Federal Rule of Civil Procedure 41(1), a plaintiff may dismiss without order of court (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

The Defendants filed their answer before the Plaintiffs filed their notice to withdraw the state law claims. The Defendants filed their answer on June 30, 2005 which included a certificate of service. Plaintiffs filed their notice of withdrawal on July 1, 2005. Therefore, the state law claims can only be dismissed by order of the court.

#### B.     Copyright Preemption

The state law claims are preempted by the Copyright Act. State law claims are preempted by 17 USC §301, when two requirements are met. First, "the work must

3

come within the scope of the subject matter of copyright as set forth in Sections 102 and 103 of the Copyright Act." *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004). For purposes of preemption, the scope of the Copyright Act is broader than the scope of its protection. *Id.* "Second, the rights granted under state law must be equivalent to any of the exclusive rights within the scope of federal copyright protection." *Id.* These requirements are often referred to as the subject matter requirement and the equivalency requirement. *Id.*

### 1. Subject Matter Requirement

The subject matter requirement is met in this case for both state law claims. Indisputably, the musical composition is not only within the scope of the subject matter of copyright, it *is* copyrighted. *See* Complaint, Exhibit A. Thus, the subject matter requirement is met on both state law claims.

### 2. Equivalency Requirement

"Courts analyze equivalency by applying a functional test to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act." *Stromback*, 384 F.3d at 301 (citation omitted).

> Equivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights. Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

*Id.* (citation omitted). "The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action. *Id.* (citation

omitted).  "[A] court may be required to review facts as pled by the plaintiff in order to determine whether the acts giving rise to the state law claim are merely acts of copyright infringement."  *Id.* at 304.

### a. Unfair Competition

Plaintiffs allege unfair competition.  In their Complaint, the Plaintiffs incorporate by reference the preceding paragraphs which allege their copyright infringement claim.  They then allege that those same "acts and conduct constitute unfair and fraudulent business practices and unfair competition."  Complaint ¶¶38-39.  They do not allege any element different from their copyright infringement claim.  Accordingly, the Plaintiffs' claim of unfair competition is preempted by the Copyright Act[3].

### b. Intentional Interference with Contractual and Advantageous Business Relationships

The Plaintiffs allege intentional interference with contractual and advantageous business relationships.  Similar to the claim for unfair competition, Plaintiffs make the same allegations to support this cause of action as they do to establish the copyright infringement claim.

"Generally tortious interference claims (with contract or prospective economic advantage) are held to be preempted because the rights asserted in such claims are not qualitatively different from the rights protected by copyright."  *Stromback*, 384 F.3d at 306.  Plaintiffs' claim of intentional interference is preempted by the Copyright Act

---

[3]Unfair competition was also held preempted by the Copyright Act in *Artie Fields Prods., Inc. v. Channel 7 of Detroit, Inc.*, 1994 WL 559331 (E.D. Mich. 1994).  *See* Defendants' Motion, Exhibit 7.

because they fail to plead any acts not pled as part of the copyright infringement claim.

### C. Sanctions

The Defendants seek sanctions against the Plaintiffs in the form of costs and attorney fees incurred in bringing this motion, pursuant to 28 USC §1927.

> Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Litigation conduct is reviewed for unreasonable and vexatious multiplication of litigation despite the absence of any conscious impropriety." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001)(citation omitted). "Absent a showing of bad faith, sanctions may be imposed at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct litigation of nonfrivolous claims." *Id*. "The mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Id*. "Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under §1927." *Id*. "There must be some conduct...[that] falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id*.

The Defendants are entitled to costs in this case. The state law claims were baseless. There were no elements alleged to support even one argument that the state law claims were not preempted by the Copyright Act. Further, the Plaintiffs made a nonsensical argument in their response about the ability to file state law claims because

of supplemental jurisdiction. Moreover, Plaintiffs counsel, Mr. Reed, recently lost a similar argument in this Court. Consequently, the Plaintiffs should have known that the state law claims were frivolous. Raising such frivolous claims, although admittedly attempting to voluntarily dismiss them, fell "short of the obligations owed by a member of the bar." Therefore, the Defendants' are entitled to reasonable costs and attorney fees incurred in bringing this motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS** Defendants' Motion to dismiss Plaintiffs' claim for unfair competition and intentional interference with contractual and advantageous business relationships with prejudice, and (2) **GRANTS** Defendants' Motion for reasonable costs and attorney fees. Counsel for Defendants is to submit such a bill to the Court for approval.

**IT IS SO ORDERED.**

S/Victoria A. Roberts<br>
**Victoria A. Roberts**<br>
**United States District Judge**

**Dated:  January 20, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 20, 2006.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**