UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FHARMACY RECORDS a/k/a
FHARMACY RECORDS PRODUCTION CO.,
FARM I PUBLISHING CO., and
SHELTON RIVERS

        Plaintiffs,


v.                                    Case No. 05-72126
                                    Hon. Victoria A. Roberts


EARL "DMX" SIMMONS, SALAAM NASSAR,
DAVID STYLES, CURTIS JACKSON, DARRIN "DEE" DEAN,
ISLAND DEF JAM MUSIC GROUP, RUFF RYDERS,
BOOMER X PUBLISHING, INC., DEAD GAME PUBLISHING,
JUSTIN COMBS PUBLISHING, PANIRO'S PUBLISHING,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,
EMI APRIL MUSIC, INC., SOO SOO'S SWEET SWISHER MUSIC,
and JOHN DOES, AGENTS, and ATTORNEYS,

        Defendants.

_____

**ORDER DENYING PLAINTIFFS' MOTION**
**FOR SUBSTITUTE SERVICE OF PROCESS**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' motion for substituted service of

process on Defendants Earl "DMX" Simmons, Boomer X Publishing, Inc., Dead Game

Publishing, Inc., David Styles and Paniro's Publishing ("these Defendants").  For the

following reasons, the Court **DENIES** Plaintiffs' Motion and **DISMISSES** these

Defendants without prejudice, pursuant to FRCP 4(m).

## II.    BACKGROUND

This action arises out of alleged unauthorized use and reproduction by all Defendants, of a musical composition created by the Plaintiffs.  On May 31, 2005, the Plaintiffs filed a three count Complaint against them.  The Plaintiffs alleged (1) copyright infringement; (2) unfair competition; and (3) intentional interference with contractual and advantageous business relationships.  In an Order entered January 20, 2006, the Court dismissed the two state law claims; only the copyright infringement claim remains.

According to the Plaintiffs, they created a song entitled "ESS' Beats" which Defendants sampled and reproduced in a song entitled "Shot Down feat. 50 Cent and Styles" in violation of the Plaintiffs' copyright.

The Plaintiffs are Fharmacy Records, Farm 1 Publishing Co., and Shelton Rivers (collectively "Plaintiffs").  The Defendants are Earl "DMX" Simmons; Salaam Nassar; David Styles; Curtis Jackson; Darrin Dean; Island Def Jam Music Group, Inc.; Ruff Ryders; Boomer X Publishing; Dead Game Publishing, Inc.; Justin Combs Publishing; Paniro's Publishing;  Universal Music Publishing, Inc.; Universal Music & Video Distribution, Corp.; EMI April Music, Inc.; and Soo Soo's Sweet Swisher Music.

The Plaintiffs move for substituted service by publication on these Defendants. The Plaintiffs claim they have made diligent efforts to serve them:

> **\*     Boomer X Publishing, Inc.**
>
> June 1, 2005 - attempted to serve the summons and complaint on
>
> Universal Music Publishing Group.  Service of process was improperly
>
> signed for by Universal personnel; Universal will not accept service for

Boomer X Publishing, Inc.

June 29, 2005 - attempted to serve through a secondary agent, Middleton & Niles.  Middleton & Niles no longer exists.  Service was returned as undeliverable.

* **Earl "DMX" Simmons**

September 25, 2005 - sent summons and complaint to Simmons' attorney, Londell McMillan.  Mr. McMillan indicated he no longer represents Simmons and service was returned.

November 18, 2005 - Simmons was incarcerated for 70 days at Riker's Island Correctional Facility in New York.  Plaintiffs claim personal service is not possible.

* **David Styles**

September 25, 2005 - delivered summons and complaint to a designated agent, Londell McMillan.  The service was returned as undeliverable.

* **Dead Game Publishing, Inc.**

September 25, 2005 - delivered summons and complaint to Londell McMillan.  Mr. McMillan informed the Plaintiffs that he no longer represents Defendants.  Service was returned as undeliverable.

* **Paniro's Publishing**

June 1, 2005 - delivered summons and complaint to EMI April Music, alleged parent of Paniro's Publishing.  Service was invalid because

3

it was improperly accepted and signed for by an unknown person.

Plaintiffs later tried to serve Paniro's Publishing through EMI at a different address.  Service was not accepted.  EMI April Music denies that Paniro's Publishing is a subsidiary.

The Plaintiffs also claim viable information could not be obtained for registered agents, from the public telephone directory, or through "investigation" by the Plaintiffs' process server.  Consequently, the Plaintiffs seek leave to provide service of process through publication in a legal newspaper, pursuant to MCR 2.105(I).  The Plaintiffs also request extension of the time for service under FRCP 4(m).  The Plaintiffs claim there are no other reasonable alternatives.

## III.   APPLICABLE LAW AND ANALYSIS

The properly served Defendants neither object nor concur in Plaintiffs' motion.

Service of process is to be effected pursuant to the law of the state in which the district court is located, or in which service is effected.  Fed. R. Civ. Pro. 4 (e) and (h).  Under Michigan law:

(I) Discretion of Court.

(1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

(2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed.  The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known.  If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.  A hearing on the motion is not required unless the court so directs.

...

MCR 2.105 (I).  Michigan also has a rule which addresses the requirements for providing notice by publication.  *See* MCR 2.106.

"Service of process by publication is generally regarded as the method least likely to impart actual notice.  However, publication notice is permissible under the Due Process Clause in certain limited situations." *Krueger v. Williams et al.*, 410 Mich. 144, 165-166 (1981).  "Notice must be reasonably calculated to inform interested parties that an action against them is pending, but there is no rigid formula to determine when personal service is required or when constructive service may be utilized.  The kind of notice required will, of necessity, vary with the circumstances of each case." *Id.* at 166. "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 167.

*Krueger* was a consolidated case.  One plaintiff sought substituted service to serve the defendant's liability insurer.  The other plaintiff wanted to effect service by publication.  The court allowed service via the liability insurer because the plaintiff demonstrated there were no other means available and included affidavits from two investigators and the plaintiff's attorney detailing what steps were taken.  *Id.* at 163. The second plaintiff was denied service by publication because the pleadings contained "insufficient factual assertions as to what diligent attempts were undertaken to find and serve defendants under other rules." *Id.* at 169.

"[T]he use of publication as a notice-giving device should be limited to discrete circumstances where a strong specific factual showing is made that notice cannot

reasonably be effectuated in the manner provided under other rules and that means which are better calculated to give notice than publication are not reasonably available or feasible." *Id.* at 170.

The Plaintiffs fail to demonstrate with particularity what steps were taken to ascertain the whereabouts of the Defendants. The Plaintiffs state that they made a "diligent inquiry" which includes, but is not limited to, "investigation" by the Plaintiffs' process server, checking the telephone book and looking on www.registeredagent.com. [Plaintiffs' Motion, ¶3].

However, the Plaintiffs do not detail what investigation was done. There is no supporting affidavit from the process server. The Plaintiffs only attempted a single mailing with regard to several Defendants. A motion for substituted service must show with particularity that service of process could not be made and that there are no reasonable means besides publication. *Krueger*, 410 Mich. at 168. There are not enough facts provided to the Court to determine that sufficient efforts were made to serve the Defendants before resorting to publication.

In addition, the Plaintiffs did not bring a motion for substituted service until well after the expiration of the time for service. Pursuant to FRCP 4(m), if service is not made within 120 days after the filing of the complaint, the court may dismiss the action or "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The Complaint was filed on May 31, 2005. The 120 days expired on September 28, 2005. This motion was not filed until December 27, 2005. "[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists." *Thompson v. Brown*, 91

F.3d 20, 21 (5th Cir. 1996).  The Plaintiffs provide no explanation as to why this motion was not filed sooner.  The failed attempts at service occurred in June and September of 2005.  Plaintiffs do not establish good cause for their delay in seeking substituted service before the expiration of the 120 days.  They also failed to demonstrate why service by publication is necessary.

Lastly, the Plaintiffs claim they cannot serve Earl "DMX" Simmons because he is in prison at Riker's Island in New York.  Under both Michigan and New York law, nothing prohibits a prisoner from being subject to civil process.  *See Steindler Paper Co. v. Charlevoix Circuit Judge*, 234 Mich. 288 (1926) and *Farrell v. Lautob Realty Corp. et al.*, 204 A.D.2d 597, 598 (N.Y. Sup. Ct. 1994).  Therefore, at least from November 18, 2005, the date of Mr. Simmons' incarceration, it appears service could have been made.


## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for substituted service.  The Court **DISMISSES**, without prejudice, Defendants Earl "DMX" Simmons, Boomer X Publishing, Inc., Dead Game Publishing, Inc., David Styles and Paniro's Publishing, pursuant to FRCP 4(m).

**IT IS SO ORDERED.**

                                        S/Victoria A. Roberts
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated:  January 20, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 20, 2006.**

**s/Carol A. Pinegar**
**Deputy Clerk**