UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FHARMACY RECORDS a/k/a
FHARMACY RECORDS PRODUCTION CO.,
FARM I PUBLISHING CO., and
SHELTON RIVERS

              Plaintiffs,


v.                                        Case No. 05-72126
                                        Hon. Victoria A. Roberts


EARL "DMX" SIMMONS, SALAAM NASSAR,
DAVID STYLES, CURTIS JACKSON, DARRIN "DEE" DEAN,
ISLAND DEF JAM MUSIC GROUP, RUFF RYDERS,
BOOMER X PUBLISHING, INC., DEAD GAME PUBLISHING,
JUSTIN COMBS PUBLISHING, PANIRO'S PUBLISHING,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,
EMI APRIL MUSIC, INC., SOO SOO'S SWEET SWISHER MUSIC,
and JOHN DOES, AGENTS, and ATTORNEYS,

              Defendants.

_____

## ORDER

## I.    INTRODUCTION

       This matter is before the Court on Defendants'[1] Bill of Costs.  For the following

reasons, the Court awards Defendants $4,115.50.

## II.    BACKGROUND

       This action arises out of the alleged unauthorized use and reproduction by the

_____

       [1]For purposes of this Memo, "Defendants" refers only to the Universal
Defendants and Curtis Jackson.

1

Defendants of a musical composition created by Plaintiffs.

The underlying facts are sufficiently set forth in the Court's Order granting Defendants' Motion for partial dismissal and for reasonable costs and attorney fees ("the Motion") entered January 20, 2006. [Doc. 56], "incurred in bringing [the Motion]," pursuant to 28 USC §1927.

On February 8, 2006, Defendants filed a Bill of Costs seeking a total of $8,147.87.  They included a detailed summary of the charges.

Plaintiffs filed an objection to the Bill of Costs on February 22, 2006.  They claim that Defendants: (1) overstaffed; (2) included fees outside the scope of the Court's Order; (3) used block billing that did not segregate the time spent on the Motion at issue; (4) included costs for preparing a reply brief; and (5) failed to establish that some of the costs billed were incurred in connection with the Motion.

## III.   STANDARD OF REVIEW

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award."  *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).  "The fee applicant should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.*

## IV.   APPLICABLE LAW AND ANALYSIS

### A.   Overstaffing

Plaintiffs claim Defendants overstaffed by having an associate and a partner involved in the preparation of the Motion, particularly because much of the research on

the pertinent issue was already done for a similar motion in another case. Plaintiff cites

no authority to support its contention that an associate and a partner working on the

same motion is overstaffing.

As Defendants point out, the partner, Mr. Quick, was minimally involved in the

preparation of the Motion. Additionally, it is not unreasonable that a partner would be

involved with an associate on a motion for partial dismissal. Thus, the Bill of Costs will

not be reduced for alleged overstaffing.

**B.    Fees Outside the Scope of the Court's Order**

Plaintiffs argue Defendants billed for fees outside the scope of the Court's Order

because they were not incurred as a result of filing the Motion. Plaintiffs challenge

several charges.

**1.    Charges for review and correspondence related to notice of withdrawal**

Plaintiffs argue two entries on July 5, 2005 are outside the scope of the Court's

Order. One of the entries is for 0.8 of an hour for emails concerning status and

conversation between the partner and associate regarding Plaintiffs' offer to withdraw

counts II and III. The other is for 0.4 of an hour to review and analyze Plaintiffs' notice

of withdrawal of counts II and III and correspondence regarding the notice. Both entries

occurred after filing the Motion.

These charges were not reasonably incurred in bringing the Motion because the

Motion was already filed when these entries occurred. Thus, $316.00 will subtracted

from Defendants' bill.

**2.    Charges for preparation of Bill of Costs**

3

Plaintiffs contend Defendants cannot bill for time spent preparing the Bill of Costs because it is not a cost incurred in filing the Motion.

The Court finds that fees for the preparation of the Bill of Costs were reasonably incurred. Defendants incurred the fees as part of the vindication of their rights via the Motion; they would not have incurred the fees otherwise.

### 3.    Charges for emails on 06/17/2006

Plaintiffs challenge 0.6 hours spent on June 17, 2006 for emails to Defendants' client regarding the "matter" and an unidentified letter from Reed.

"The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended..." *United Slate v. G&M Roofing and Sheet Metal Company*, 732 F.2d 495, 502, n.2 (6th Cir. 1984).[2]  The detail provided by Defendants is insufficient to determine what "matter" the entry relates to.  Further, in Defendants own timeline provided in their Reply, they do not include any work relating to the Motion occurring prior to June 21, 2005. [Reply, p.2].  Thus, $177.00 will be subtracted.

### C.    Block Billing

Plaintiffs object that Defendants used "block billing" because the detail for two entries state that the time was spent on both drafting an Answer with affirmative defenses and drafting the Motion, but does not distinguish between the two.

Defendants respond that the Motion and the Answer are "interconnected."

---

[2]Although *United Slate* did not address attorney fees specifically under §1927, the reasoning is applicable here.

4

Defendants fail to explain why they did not itemize time for the Motion only.  The Court's Order only allows costs and fees incurred with the Motion, not any related matter.  While Defendants' Reply includes a timeline of the work done concerning the Motion, it does not attempt to distinguish the time spent on the Motion from time spent on the Answer. As Plaintiffs noted earlier, because much of the research on the issues in this case was done for a previous motion in another case, there is no reasonable way for the Court to determine how many hours are attributable to the Motion only.  Accordingly, $1,360.00 will be subtracted.

### D.    Costs for Preparing Reply to the Motion

Plaintiffs claim that a Reply was unnecessary because they voluntarily withdrew. This is clearly incorrect because the Court held Plaintiffs were not able to voluntarily withdraw because Defendants had already filed their Answer.

Plaintiffs also claim the fees associated with preparing, revising and editing the Reply to the Motion are excessive and unreasonable.

Defendants do not respond to Plaintiffs claim that the time spent preparing the Reply was excessive or unreasonable.  However, the entry of August 10, 2005 details the time spent as "[d]raft reply brief in support of motion for partial summary judgment...[d]raft response to motion for leave for Plaintiff to file a late response brief." [Bill of Costs, Exhibit B, p.4].  Defendants do not delineate what time was spent preparing the Reply to the Motion and what time was spent preparing the response to the other motion.

The response referenced in Defendants' entry of August 10, 2005 refers to a response to Plaintiffs' motion to file a late response to the Motion for partial dismissal.

5

While the fees associated with the response to the motion for leave to file a late response would be deemed incurred as part of the Motion, the motion to file a late response was terminated on August 3, 2005, seven days before Defendants prepared the response.  Accordingly, those fees cannot be included; they were unnecessary.

Because Defendants failed to separate the fees associated with the Reply and the response, as discussed above, there is no way for the Court to determine what time is attributable to each.  Accordingly, the 6.7 hours billed will be subtracted.  The remaining 5.2 hours for drafting, revising and editing the Reply are reasonable.

E.    "Actual Costs"

Plaintiffs challenge Defendants billing for "actual costs" for computerized research; facsimile; and reproduction.  The charges total $839.37.  They argue Defendants failed to identify what matter the research was on; and, what documents were reproduced or transmitted via facsimile.  Additionally, Plaintiffs point out that two of the entries do not have dates.

Defendants assert the actual costs were related to the Motion and were incurred by sending materials to the client and corresponding with Plaintiffs' counsel. Defendants maintain that the computerized legal research was "incurred in connection with drafting the initial motion and brief, as well as the reply brief." [Reply, p. 5]. However, as Plaintiffs note, the computerized research took place after the Motion was filed.

Defendants fail to properly itemize the "actual costs" in such a way that allows the Court to review them for reasonableness.  There is no indication of: (1) how many copies Defendants made or facsimiles they transmitted; (2) what documents the

6

charges pertain to; or (3) what rate they charged.  Further, Defendants do not indicate what the computerized legal research pertained to.  Accordingly, $839.37 will be subtracted.

### F.    Total Bill

In a footnote, Defendants submit that it expended three hours at a rate of $210.00 per hour drafting the Reply to Plaintiffs' objection to the Bill of Costs. [Reply, p.6, n.1].  However, Defendants failed to submit any supporting documentation.

Evidence supporting the hours worked and the rates claimed is necessary to establish a claim for attorneys fees. *Granada Investment, Inc. v. DWG Corporation*, 962 F.2d 1203, 1208 (6th Cir. 1992).  In the absence of an affidavit, or any other evidence to support Defendants' allegation, the charge for preparing the Reply to the Bill of Costs is not reasonable.

Pursuant to the adjustments made in this Memo, Plaintiffs owe Defendants $4,115.50.

## V.    CONCLUSION

For the foregoing reasons, the Court awards Defendants $4,115.50 for reasonable costs and attorney fees incurred in bringing the Motion for partial dismissal. This amount is to be paid by Plaintiff's counsel within 30 days of this Order.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  August 21, 2006**

7

The undersigned certifies that a copy of
this document was served on the
attorneys of record by electronic means or
U.S. Mail on August 21, 2006.

S/Carol A. Pinegar
Deputy Clerk