UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FHARMACY RECORDS a/k/a
FHARMACY RECORDS PRODUCTION
CO., et al.,

Case No. 05-cv-72126

HONORABLE DAVID M. LAWSON
Plaintiffs,   HONORABLE STEPHEN J. MURPHY, III

v.

SALAAM NASSAR, et al.,

    Defendants.
    _____/

## ORDER

    This matter comes before the Court on the plaintiffs' motion to disqualify Judge David M. Lawson from this case pursuant to 28 U.S.C. § 144. The motion is untimely and insufficient. Additionally, the matter procedurally belongs with Judge Lawson.

    The Court will not set the motion for a hearing under Local Rule 7.1(e). Our local rules provide that the Court will hold hearings on motions other than motions for rehearing or reconsideration, motions for reduction in sentence, or motions in civil cases where a party is in custody, unless the judge orders their submission and determination without oral argument on the briefs that have been filed. Here, the Court is entirely able to rule on the papers submitted and therefore orders determination of this matter without a hearing.

## FACTS

    This is a copyright infringement action that was filed on May 31, 2005. The Complaint alleged a claim for unauthorized sampling. Specifically, the Complaint alleged that the plaintiffs' song entitled "ESS' Beats" was sampled and incorporated on the defendants'

"track" and appears on defendant DMX's "Shot Down feat. 50 Cent and Styles," recording. Complaint, ¶ 24. The case was originally assigned to Judge Victoria Roberts, and it was reassigned to Judge David Lawson on October 5, 2006.

The Complaint originally asserted claims of unfair competition and intentional interference with contractual and advantageous business relationships, but those claims were dismissed in a January 20, 2006 order authored by Judge Roberts, who found that the claims were preempted by the federal Copyright Act. (Docket 56). Judge Roberts' January 20, 2006, order also found that the state law claims were baseless, and sanctioned the plaintiffs by granting defendants their costs in bringing the motion to dismiss. *Id.*

On March 31, 2008, the case was dismissed with prejudice by Judge Lawson in an Opinion and Order Granting Defendants' Motion for Summary Judgment, Granting Defendants' Motion to Dismiss, Denying Plaintiffs' Motion for Summary Judgment and Adjudicating Other Pending Motions (hereinafter, "Order Dismissing Case") (Docket 248). In the Order Dismissing Case, Judge Lawson found that summary judgment was appropriate because the plaintiffs' sole remaining theory of liability was based on a claim of unlawful sampling under 17 U.S.C. § 114(b) and that the plaintiffs had not come forward with evidence "that the accused work, 'Shot Down,' contains a direct or indirect 'recapture [of] the actual sounds fixed in the recording'" that plaintiffs claim copyright in, or a rearrangement of "the actual sounds fixed in [Rivers'] sound recording." Order Dismissing Case at 1-2 (quoting 17 U.S.C. § 114(b)). Judge Lawson went on to find, in addition, that "the plaintiffs or their representatives have altered, lost, and destroyed evidence in this case, which warrants dismissal under this Court's inherent authority to address such abuses," *id.* at 2, and Judge Lawson therefore ordered dismissal with prejudice of all the

plaintiffs' claims on that basis as well. Judgment was entered on March 31, 2008 in favor of the defendants and against the plaintiffs, and the complaint was dismissed with prejudice. (Docket 249).

The plaintiffs moved on April 14, 2008 pursuant to Fed. R. Civ. P. 60 for relief from the judgment. (Docket 250). In their April 14 motion, plaintiffs argued, inter alia, that Judge Lawson should recuse himself under 28 U.S.C. § 455. The plaintiffs have filed several other motions on various grounds and for various forms of relief, none of which are pertinent to the instant motion.

Plaintiff subsequently filed the instant, "Plaintiffs' First Motion to Chief Presiding Judge For the Disqualification of Judge David M. Lawson Pursuant to 28 U.S.C. § 144 Based Upon His Biased and Prejudicial Mindset Against Plaintiffs and their Counsel As Revealed Through His Prior Association With A Law Firm And Particular Statements, Findings and Rulings Of The Court." (Docket 287). The Clerk's Office, upon receipt of this motion, reassigned it to the undersigned judge for a ruling pursuant to Local Rule 83.11(d).

## ANALYSIS

Plaintiff has moved pursuant to 28 U.S.C. § 144 for an order disqualifying Judge Lawson from hearing any post judgment motions. Section 144 reads as follows:

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file

3

it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires a district judge to recuse himself or herself when a party to a proceeding makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against the party or in favor of any adverse party. The affidavit must state the facts and the reasons for the belief that bias or prejudice exists and must be filed not less than 10 days before the beginning of the term at which the proceeding must be heard, or, if later, the proponent of the affidavit must demonstrate good cause for the lack of timeliness. 28 U.S.C. § 144. The affidavit must be accompanied by a separate certificate by counsel of record, stating that it is filed in good faith. *Id.* Plaintiffs' motion under Section 144 was assigned to the undersigned judge by random method from the office of the clerk of the court under Local Rule 83.11(d). (Docket 289).

A.  Timeliness and Sufficiency of Motion

The Court finds the motion and affidavits upon which it is based both untimely and inadequate. First, the Court notes that the first time the plaintiffs raised the issue of bias was after their case had already been dismissed, and more than 18 months after Judge Lawson had first been assigned to the matter. See *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (motion for recusal filed weeks after conclusion of trial is presumptively untimely absent good cause for delay). The obvious reason for the presumption set forth by the court in *Studley* is to avoid the problem of litigants "discovering" a ground for recusal after unfavorable determinations in their cases. Likewise, section 144 requires that an affidavit challenging a district judge under that section must be filed "not less than ten days

before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."  The affidavit is timely "if is submitted 'at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification.'" *Scott. v. Metropolitan Healthcare Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (*quoting United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993)).

The declarations filed in support of the plaintiffs' motion here present no evidence to support the timeliness of the motion. The declarations submitted in support of the motion cite facts that occurred in some cases years in the past, along with various unfavorable rulings and comments that occurred months ago. The declarations fail to demonstrate good cause for asserting these facts as the basis for disqualification now, after their case has already been dismissed.

Second, the supporting documentation is inadequate on its face.  A district judge is presumed to be impartial, and the party challenging such impartiality bears "the substantial burden of showing otherwise."  *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (*quoting Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003).  In assessing an affidavit offered in support of a motion brought under § 144, "a district court is required to accept as true the factual allegations of the movant's affidavit, but the court 'may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Scott*, 234 F. App'x at 352 (*quoting Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir.2004)). While a district court must treat properly presented factual allegations as true, whether or not it knows or believes them to be false, it is not bound to accept the conclusions that the movant would draw from those facts.  *Id.*

5

The rule requires both an affidavit by the party and a certificate by counsel of record that the motion was brought in good faith. This requirement is strictly construed. *Scott*, 234 F. App'x at 353. In this case, while it is true that the plaintiffs complied with the form of the rule in that they submitted a declaration by a party and a separate certification by counsel, the party's declaration relies almost exclusively upon what the declarant was told by counsel herein.

Looking more deeply at the substance of the party's declaration, it essentially alleges two classes of events that the plaintiffs claim give rise to an appearance of bias: (1) rulings and statements that occurred during the course of the proceedings in this matter before Judge Lawson, and (2) events and persons related to a matter that plaintiffs' counsel, Gregory J. Reed, litigated as a party in Michigan state court in the 1990s.

As to the first class of events, the Court notes as a preliminary matter that the Supreme Court has ruled (in a case dealing with recusal under Section 455) that

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S., at 583. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1993).

The plaintiffs' affidavit cites facts that, if believed, show that the judge heard oral argument on some motions before others and didn't hear oral argument on other motions, that the judge found that the complaint stated a claim for unauthorized sampling, contrary to the plaintiffs' understanding of the claim, that the judge found the defendants' evidence more credible than the plaintiffs', that the judge did not sanction the defendants but did

6

sanction the plaintiffs when both the plaintiffs and the defendants alleged misconduct on the part of the other, and that the judge has permitted the defendants to have greater leeway in setting aside the Court's scheduling orders than he permitted the plaintiffs. These allegations do not give rise to any inference of bias. As the Supreme Court has noted, such claims are proper grounds for appeal, not recusal. *Id.*

The second set of facts alleged in the Rivers declaration are termed "extra-judicial sources and level of antagonism." Taking the allegations in Mr. Rivers' declaration as true,[1] they allege that Mr. Rivers was told by Mr. Reed, his attorney, the following:

- That Mr. Reed was a plaintiff in a "bitter lawsuit" during the 1990s, entitled *Reed v. Michigan Metro Girl Scouts Council.*

- That the firm representing the Girl Scouts in that action, Clark Hill, was also, at one time, a firm at which Judge Lawson worked before he became a district judge.

- That Mr. Reed was informed that the attorneys at Clark Hill disliked him and "continued to act negatively toward him as recently as [sic] 2006 calendar year."

- That in another property acquisition, an attorney -- Mr. Sandquist (presumably at Clark Hill) -- "refused to prepare a deed for Mr. Reed after his client had paid off the property acquired by Reed's client, land from the Girl Scouts."

- That on March 23, 2008, "the attorney who represented him [Mr. Reed] in the Reed v. Michigan Metro Girl Scouts Council case informed [Mr. Reed] that he spoke to one of Clark Hill's attorneys who worked on [Mr. Reed's] case, and was informed that neither Reed nor his partners today are popular at Clark Hill, P.L.C. firm, where Judge Lawson last worked as an attorney."

---

[1] Mr. Rivers states his declaration that he has "personal knowledge of the facts stated in this affidavit." The briefest reading of his declaration, however, suggests that Mr. Rivers has personal knowledge of almost none of the "extra-judicial" facts recited in his declaration, most of which involved Mr. Reed and many of which involve events that occurred more than a decade before Mr. Rivers testified that he first dealt with Mr. Reed in 2002 or 2003. Rivers Dep. at 15 (Exhibit 7 to Docket 185, Plaintiffs' Motion for Sanctions).

- That the judge, in the parties' first status conference before him in 2006 asked the parties whether there was any grounds for conflict in the present case, and asked Mr. Reed if he ever had a case before Judge Lawson.

- That Mr. Reed was called at his office on the date of the summary judgment hearing [the affidavit says the hearing was on March 31, 2008; however the docket indicates that the summary judgment hearing was held on October 31, 2007] to find out if Mr. Reed would be in court "and this startled and surprised some of Reed's staff."

- That the court clerk received a telephone call before the October 31, 2007 hearing and responded "Yes, Mr. Reed is here" but did not announce anyone else who was present in the courtroom to the caller.

- That the Court rescheduled a hearing on defendants' motion for attorneys fees from August 12, 2008 to August 13, 2008 with less than 24 hours notice.

To say that the Rivers declaration fails to give rise to an inference of bias is an understatement. The facts alleged in Rivers' declaration concerning the Girl Scout case, taken as true, allege at most that attorneys who worked at the same law firm that Judge Lawson worked at before ascending to the bench had some unpleasant dealings at one time with plaintiffs' counsel. Such facts do not, as a matter of law, give rise to an inference of bias under Section 144. The facts concerning the hearing, the change of time, and the queries about Mr. Reed constitute "[a] judge's ordinary efforts at courtroom administration" that the Supreme Court has held, in *Liteky*, to be immune from review in a recusal motion.

The plaintiffs have also submitted a declaration by Gregory J. Reed, who is counsel to plaintiffs in this action.[2] Much of the Reed declaration restates the same evidence cited by the plaintiffs in the Rivers declaration. In his declaration, Reed notes that Judge Lawson had raised in the December 2006 status conference the fact that he checked and that there

---

[2] It is by no means clear that the Court should consider the facts stated in a declaration submitted by an attorney rather than by a party under § 144, but the Court in an abundance of caution will nonetheless briefly analyze the allegations contained in the Reed declaration.

8

was no conflict involved between the judge and the litigants, and that the judge's former law firm, Clark Hill P.L.C., had originally represented certain of the defendants but withdrew from representation before Judge Lawson had been assigned the case.[3]

---

[3] The brief filed by plaintiffs in support of the instant § 144 motion argue the fact that Judge Lawson is a graduate of the University of Notre Dame is an additional reason to find the appearance of bias in this matter. This argument is not addressed in plaintiffs' declarations, but the Court will address it here nonetheless. The plaintiffs' Notre Dame argument is essentially this: Judge Lawson is a graduate of Notre Dame, as is John J. Hern, the current Chief Executive Officer of Clark Hill P.L.C. and Kevin S. Hendrick, the Clark Hill attorney who represented the Girl Scouts in the matter against Reed. Plaintiffs argue in their brief that "[g]iven the spirit of camaraderie among Notre Dame graduates, a reasonable, objective person would believe that three Notre Dame graduates working at the same 100 + person law firm: this Court, Hendrick and Hern would network and befriend one another including discussing difficult cases such as the Reed case with one another." Plaintiffs' Brief at 7. The brief goes on to argue rather confusingly that Mark McGowan of Plunkett, Cooney, another Detroit law firm, is president of the Notre Dame Club of Detroit, and Plunkett Cooney, which at one point represented Justin Combs in this present litigation (*not by* Mark McGowan, but by another member of Plunkett Cooney, John W. Martin, Jr., who is apparently not a Notre Dame graduate) is seeking to recover $35,000 in attorneys fees and costs in this matter. The plaintiffs also argue that two attorneys from Dickinson Wright PLLC, Joe DeLave and Terrence Donnelly, are members of the Notre Dame Club of Detroit Board of Directors, and that Dickinson Wright is the firm that represents the Universal Defendants and Curtis Jackson in the current matter (*not* by Messrs. DeLave and Donnelly, but rather by other members of Dickinson Wright, Michael D. Socha and Daniel D. Quick, who are also apparently not Notre Dame graduates) , and that Dickinson Wright has a financial stake in the matter because it is seeking to recover $241,310 in attorneys fees and costs. Therefore, the plaintiffs' theory seems to be that an inference of bias is raised by (1) the fact that Judge Lawson went to the same law school as the current head of his former law firm and another attorney at his former law firm who represented a client in a contentious law suit that was litigated against the attorney who represents the plaintiffs in this matter more than a decade ago, and (2) the fact that law firms before the court employ attorneys as members that attended the same school as the judge or are members of the same alumni organizations. The Court does not know what to say about this theory other than it appears to be based on odious stereotypes and if it were the standard for a finding of bias, it is unlikely that a district judge could find anyone sufficiently disconnected to him to practice before him or her. It cannot be the proper standard for recusal of a judge. The connections alleged are so tenuous and speculative that they do not in any way rise to the level that creates an inference of bias in this matter. Judge Lawson's characterization of the argument as "feckless and irresponsible" is also a fair reading of the allegations. *See Fharmacy Records v. Nassar*, 572 F. Supp. 869, 876 (E.D. Mich. 2008).

9

The Court finds that the allegations in Mr. Reed's declaration do not come close to raising an inference of bias under Section 144.

B.     Procedural Defects.

The Court notes for the Clerk that Section 144 requires, as a threshold matter, that the timeliness and sufficiency of a motion for recusal be assessed by the challenged district judge himself. The Sixth Circuit has addressed this issue in an unpublished opinion, *Parker v. Sill*, 989 F.2d 500, 1993 WL 87432 (Table, text in Westlaw) (6th Cir. 1993). In *Parker*, the plaintiffs appealed the dismissal of their claim along with the refusal of the district court to recuse itself after the plaintiffs had filed a motion for disqualification under Section 144. The plaintiffs argued in the first instance that the district judge had erred by deciding the motion under Section 144 himself: "Plaintiffs contend that under 28 U.S.C. § 144, when a district court judge is faced with a motion for disqualification, he may not proceed until another judge has ruled on the motion. This contention is without merit." *Parker v. Sill,* 1993 WL 87432 at **2. The Court held that recusal is not automatic upon the filing of a motion and supporting documentation under 28 U.S.C. 144. Rather:

> Courts have consistently held that the challenged judge rules on the motion and that a judge must "proceed no further" only if the affidavit is "timely and sufficient." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979); *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir.1979)). If the district court judge determines that the affidavit fails to meet the requirements of 28 U.S.C. § 144, the judge may proceed with the case. Although it is the judge's duty to refuse to sit when he is disqualified, it is equally his duty to sit when there is no valid reason for recusation. *Hall v. Burkett*, 391 F. Supp. 237, 240 (W.D. Okla.1975).

*Parker v. Sill*, 1993 WL 87432 at **2; *see also Easley v. University of Michigan*, 853 F.2d 1351, 1355 (6th Cir. 1988) ("[a]lthough § 144 on its face appears to require automatic disqualification once the affidavit is filed [see note 1, supra ], a district court judge has a duty

to examine the affidavit to determine whether it is timely and legally sufficient.") (*quoting In Re City of Detroit*, 828 F.2d 1160, 1164 n. 2 (6th Cir.1987)(overruled on other grounds)): *accord United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), *cert. denied*, 440 U.S. 907 (1979), *United States v. Studley*, 783 F.2d 984, 940 (9th Cir. 1986), *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976). There is no evidence in the record that Judge Lawson ruled on the sufficiency and timeliness of the affidavit before the office of the clerk of the court transferred the motion to the undersigned judge. Further, Judge Lawson has already determined that plaintiffs' largely identical arguments of bias made in their earlier request for his recusal under Section 455 were "feckless and irresponsible." *Fharmacy Records v. Nassar*, 572 F. Supp. 869, 876 (E.D. Mich. 2008). Therefore, it is extremely unlikely that Judge Lawson would have found the allegations in plaintiffs' affidavit here to be sufficient under Section 144.

The Court also notes that Local Rule 83.11(d) provides that when a judge "to whom a case is assigned is disqualified from hearing it, the Clerk shall reassign the case in accordance with" the provisions of L.R. 83.11(a)(1) and (a)(3). L.R. 83.11(d). The language of this rule would seem to presuppose that a decision has already been made that the judge who previously had the matter is disqualified. There is no record of previous disqualification in this case.

**ORDER**

For the reasons stated above, the Plaintiffs' First Motion to Chief Presiding Judge For the Disqualification of Judge David M. Lawson Pursuant to 28 U.S.C. § 144 Based Upon His Biased and Prejudicial Mindset Against Plaintiffs And Their Counsel As Revealed Through His Prior Association With A Law Firm and Particular Statements, Findings and Rulings of the Court is untimely and insufficient. The case is hereby TRANSFERRED back to Judge David Lawson pursuant to Local Rule 83.11(b), for further consideration.

                           s/Stephen J. Murphy, III
                           STEPHEN J. MURPHY, III
                           UNITED STATES DISTRICT JUDGE

Dated: November 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 18, 2008, by electronic and/or ordinary mail.

                           Alissa Greer
                           Case Manager