UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FHARMACY RECORDS, a/k/a
FHARMACY RECORDS PRODUCTION CO.,
FHARM I PUBLISHING COMPANY, and
SHELTON RIVERS,

               Plaintiffs,

v.

SALAAM NASSAR, CURTIS JACKSON,
DARRIN DEAN, DEF JAM RECORDING,
RUFF RYDERS, JUSTIN COMBS PUBLISHING,
UNIVERSAL MUSIC PUBLISHING, UNIVERSAL
MUSIC & VIDEO DISTRIBUTION CORPORATION,
EMI APRIL, INC., SOO SOO'S SWEET SWISHER
MUSIC, and SCHLECTER, Agents and Attorneys,

               Defendants.

Case Number 05-72126
Honorable David M. Lawson
Magistrate Judge Donald A. Scheer

_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO AWARD ATTORNEY'S FEES, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Presently before the Court are the plaintiffs' objections to a report filed by Magistrate Judge Donald A. Scheer pursuant to an order entered by the undersigned to conduct appropriate hearings on a joint motion for attorney's fees and costs filed by the defendants. On August 15, 2008, the Court found that the defendants were entitled to attorney's fees and costs in some amount, but referred the matter to Judge Scheer for a report on "the amount of attorney's fees, costs, and expenses, if any, that should be awarded to the respective defendants, and to determine further whether the plaintiffs' attorneys ought to be personally accountable for any or all of those fees and expenses." Op. & Order [dkt #271] at 19. On November 5, 2009, Judge Scheer filed his report recommending that the defendants' motion be granted in part, allowing some fees as requested,

reducing some, disallowing others, and discussing expense reimbursement. Judge Scheer also recommended that the plaintiffs' attorney, Gregory J. Reed, should be held personally liable for the attorney's fees and some of the expert witness expenses. The plaintiffs filed timely objections to the report and recommendation, followed by two sets of repetitive supplemental objections. The defendants responded, and the matter is before the Court for *de novo* review.

In its previous order, the Court found that the defendants had shown that they were entitled to attorney's fees under the Copyright Act and as a result of discovery abuse by the plaintiffs. However, because the defendants did not make a proper showing that the amount of fees and costs they seek is reasonable, the Court engaged the services of Judge Scheer to address the details of the fee motion. The Court now reaffirms its determination that the defendants are entitled to attorney's fees under the Copyright Act, 17 U.S.C. § 505, and fees and costs under 28 U.S.C. § 1927 and, finding no merit in any of the plaintiffs' objections and agreeing with the findings and reasoning of the magistrate judge, adopts the recommendation as to the amounts and allocations.

I.

The facts of this case are set forth in detail in the Court's order granting the defendants' motion for summary judgment and motion to dismiss, *see* dkt. #248, and they need not be repeated here. In brief summary, the plaintiffs brought suit alleging that defendant Salaam Nassar stole a rhythmic beat created by plaintiff Shelton Rivers, a.k.a. the "Ess Man." After Rivers made the beat, the Fharmacy plaintiffs acquired an interest in it and secured copyright protection. Later on, rap artist DMX released a song with a strikingly similar beat entitled "Shot Down." Many of the defendants were involved in the production of "Shot Down" and sales of the album on which it

appeared. When the album went platinum, the plaintiffs sued. Their theory was that Nassar had access to Rivers's equipment, and he simply lifted the beat when Rivers wasn't looking.

The case involved a substantial amount of electronic and documentary discovery, but when the defendants began to test the plaintiffs' claims against the evidence, things quickly unraveled. Whether the plaintiffs spun the case out of whole cloth or simply tried to bolster weaknesses through chicanery remains unknown. What *is* certain is that the plaintiffs engaged in fabrication and spoliation of evidence, using one lie to cover up another. And it is also clear that counsel Gregory Reed played a key role.

The Court so found when it dismissed the plaintiffs' case and entered judgment in favor of the defendants on March 31, 2008. The forty-eight-page opinion recounted in detail multiple instances of discovery misconduct by the plaintiffs and their counsel and concluded that "the conduct of the plaintiffs and their attorney has been so egregiously improper and abusive that the ultimate sanction of dismissal is the only appropriate response." Op. & Order Granting Defs.' Mot. for Sum. J. at 47. The Court found that the plaintiffs' complaint alleged a claim of unlawful "sampling" of a sound recording in violation of 17 U.S.C. § 114(b), the plaintiffs were unable to produce any evidence that the protected work and the accused work were identical, and the defendants were entitled to summary judgment on the merits of the claim. The Court also documented the disturbing conduct of the plaintiffs and their attorneys in the manipulation and destruction of evidence in the case, which resulted in termination sanctions.

On April 14, 2008, the plaintiffs filed a motion for relief under Rule 60 and a motion for reconsideration, followed by the plaintiffs' counsel's expedited motion for relief from judgment filed on August 8, 2008, yet one more motion for relief from the March 31, 2008 order filed on August

11, 2008, and a motion for recusal of the undersigned. Several defendants also moved for an award of attorney's fees and costs. The Court addressed these post-judgment motions on August 15, 2008, when it denied all of the plaintiffs' motions and referred the defendants' motion for attorney's fees to Magistrate Judge Donald A. Scheer for consideration. *See* Op. & Order [dkt. # 271]. The Court stated:

> In the present case the Court has little trouble concluding that the plaintiffs and their counsel should be held jointly and severally liable for the defendants' costs and fees. An award is appropriate under both 17 U.S.C. § 505 and 28 U.S.C. § 1927; the Court need not resort to its inherent authority. . . . justice requires that the defendants be compensated for the distress in warding off a frivolous case.
>
> Although section 505 does not expressly authorize an award from an attorney for a party, 28 U.S.C. § 1927 plainly does. A court may hold parties and their counsel jointly and severally liable under that statute for "multipl[ying] the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C. § 1927; *Royal Oak Entertainment, LLC*, 486 F. Supp. 2d at 679. There likely is cause to hold attorney Gregory Reed accountable for at least a portion of the fees and expenses, and perhaps against Mr. Reed's co-counsel, Stephanie Hammonds, as well. Those issues will be referred to Magistrate Judge Donald A. Scheer to determine.
>
> . . . The Court finds that the exhibits on which [the defendants' demands for attorney's fees] are premised do not furnish the level of detail that is required to determine the reasonableness of the fee requests. . . . These entries do not allow the Court to assess the amount of time spent on specific tasks by individual lawyers, and they do not furnish sufficient detail to permit a reasoned challenge by the plaintiffs or their attorneys. The defendants state in their brief that they are "willing to provide their billing records should the Court so desire, but given the conduct of Plaintiffs' counsel to date, they prefer that such a review occur *in camera* by the Court." . . . The defendants correctly anticipate the need for further review, but they have not justified the need for *in camera* production. However unreasonably the plaintiffs and their counsel have behaved, they have not forfeited the right to examine the defendants' billing records.
>
> The Court, therefore, will refer the defendants' attorney's fees motion to Magistrate Judge Donald A. Scheer to conduct a hearing in whatever manner he deems appropriate for the purpose of determining the amount of attorney's fees, costs, and expenses, if any, that should be awarded to the respective defendants, and to determine further whether the plaintiffs' attorneys ought to be personally accountable for any or all of those fees and expenses . . . .

*Id.* at 17-19.

The Court's August 15, 2008 opinion caused yet another flurry of motions on the part of the plaintiffs. The plaintiffs filed eight motions for reconsideration or relief from the ruling (dkts. # 277, 278, 285, 290, 291, 300, 306, 312), and followed them with two more motions to disqualify the undersigned judge. The first disqualification motion was assigned by random draw to Judge Stephen J. Murphy of this Court, who denied it on November 18, 2008. Then, on December 4, 2008, the Court denied the rest of the plaintiffs' motions for reconsideration or relief from judgment and the remaining motion for disqualification. The Court continued referral of the motion for attorney's fees and costs to Judge Scheer, who, as noted earlier, issued his report and recommendation recommending award of attorney's fees and costs to the defendants on November 5, 2009. In the meantime, the court of appeals affirmed the dismissal, choosing not to address the merits of the copyright claim, but finding that the plaintiffs' discovery abuses warranted dismissal. *Fharmacy Records v. Nassar*, Nos. 08-1607, 08-2201, 2010 WL 2294538 (6th Cir., June 7, 2010). Addressing the decision to dismiss the case for discovery abuse, the court stated:

> Based on our careful review of the district court's opinion and the record as a whole, we find that the district court identified and properly applied the correct legal standard, and made a reasoned conclusion upon its weighing of the relevant factors. . . . We conclude that the district court properly exercised its discretion in this matter.

*Id.* at *5. On the matter of disqualification, the court held,

> Finally, the plaintiffs' claim that Judge Lawson should have recused in this matter is so blatantly without merit as to warrant no further discussion.

*Ibid.*

II.

The magistrate judge relied on this Court's August 15, 2008 opinion in suggesting that "an award of reasonable attorney fees to the Defendants is plainly authorized by 17 U.S.C. § 505, and that it is fully warranted by the facts and circumstances of record in this action." R&R at 5. After recounting the lengthy history of litigation misconduct on the part of the plaintiffs' attorney Gregory Reed, the magistrate judge also concluded that the case was "a perfect example of a circumstance warranting the imposition of an award of costs, expenses and attorneys' fees under 28 U.S.C. § 1927." *Id.* at 8. However, Judge Scheer held that Ms. Hammonds did not commit similar acts of "misconduct and obfuscation," was not "complicit[] in the concealment or alteration of any evidence in the case," and therefore did not deserve to bear responsibility for the plaintiffs' attorney's fees either under the Copyright Act or 28 U.S.C. § 1927. *Id.* at 8-9.

In applying the lodestar method for calculating the attorney's fees, Judge Scheer was satisfied that the 2,257.96 hours of legal work spent collectively by the five law firms representing various defendants was reasonable, with some listed exceptions, given that the case contained forty-three substantive motions (thirty-one of which were filed by the plaintiffs, with nine of them post-trial), 319 docket entries, lasted thirty-three months, and considering that the defendants prevailed on all of the twelve motions that they filed. The magistrate judge then found that, based on the 2003 State Bar of Michigan report "Economics of Law Practice" and the 2007 study conducted by the American Intellectual Property Law Association, "a reasonable hourly rate for services rendered in this intellectual property case would be $330.00 for partner level practitioners, $250.00 for senior associate level attorneys, . . . $150.00 for junior associates (less than five years experience)," and $100.00 for non-attorney search assistants. R&R at 18.

The Magistrate Judge then adjusted various defendants' requests for attorney's fees accordingly. With respect to defendants The Island Def Jam Music Group, a division of UMG Recordings, Inc., Universal Music Publishing, Inc., Universal Music and Video Distribution Corp., and Curtis Jackson (collectively referred to as "Universal Defendants"), Judge Scheer applied the rates discussed above to the hours expended by various attorneys from the Dickinson Wright law firm (who represented the Universal Defendants). The Universal Defendants state that the following attorneys from the firm worked on the matter, along with six non-lawyer assistants:

| | |
|---|---|
| Daniel D. Quick, partner | 251.3 hours |
| Michael Socha, senior associate | 571 hours |
| Kari Low, junior associate | 66.5 hours |
| Patrick Green, junior associate | 48.5 hours |

By using the rates listed above, Judge Scheer arrived at the result of $229,578 (instead of $233,188 requested by the Universal Defendants).

With respect to defendant EMI April Music, Inc., represented by the Butzel Long law firm, Judge Scheer was satisfied generally with the number of hours billed, but he suggested reducing the hours by 6.7 hours that the two firm attorneys (Michael Huget and John Blattner) billed for performing work on appellate issues. Judge Scheer believed that compensation for this work should be addressed at the conclusion of appellate proceedings. Using the partner rate for Mr. Huget and Ms. Swedlow (Swedlow became a partner in January 2008; before that she was a senior associate), a senior-associate rate for attorneys Carol Romej and Christopher Taylor, and a junior-associate rate for attorneys Zachary Moen and John Blattner, Judge Scheer calculated the total of $225,720 for the EMI April Music, Inc.'s attorneys.

Next, the magistrate judge addressed the request for attorney's fees by counsel for defendant Justin Combs Publishing (JCP). JCP was initially represented by John William Martin, Jr. of

Plunkett Cooney, P.C., who expended 195.8 hours at the rate of $325 per hour. Plunkett Cooney was JCP's counsel of record from August 4, 2005 through August 9, 2007. Although Plunkett Cooney submitted itemized billing for 195.8 hours of time expended by Martin, 1.6 hours of time expended by Martin's associate Jennifer Damico, and an additional one hour expended by non-attorney Kelly Klimmek, totaling some $64,099, Martin's supplemental declaration requests only $35,000, $1,545.67 of which represents billed expenses. The magistrate judge concluded that Martin's request was "fully justified by the work performed," even opining that the "work performed [by Martin] exceeds that value," *id.* at 21-22 & n.7, and awarded $33,454.33 against the plaintiffs and attorney Reed, to be recovered jointly and severally.

However, Judge Scheer denied the attorney's fees requested by Johnathan D. Davis and his associate Thomas M. McCaffrey, who claim to have been the "primary contact with . . . [JSP] and served as the conduit between counsel of record for JCP. . . ." *Id.* at 22. Judge Scheer was troubled by the fact that Johnathan D. Davis, P.C. was never an attorney of record. Instead, on August 9, 2007, John W. Martin, Jr. withdrew and Butzel Long took over JCP's representation. Further, JCP and EMI filed a stipulation for the substitution of attorneys, which declared that they had "mutually decided to proceed with one attorney [Butzel Long] to represent both parties' interests." *See* dkt. #207. As outlined earlier, the magistrate judge recommended that Butzel Long be fully reimbursed for its representation of both EMI April Music and JCP. Because Judge Scheer was not persuaded that Davis's services as an intermediary between JSP and its counsel were necessary, he recommended disallowing an award of attorney's fees in his favor. In denying the fees, the magistrate judge also relied on unsatisfactory billing descriptions and the fact that significant portions of the attorney time billed by the Davis firm relate directly to efforts on Mr. Martin's part

to secure payment of his billings and to Mr. Davis's efforts in securing the substitution of Butzel Long as counsel for JSP.

Judge Scheer next discussed the request for attorney's fees from attorneys for Salaam Nassar and Soo Soo's Sweet Swisher Music, Leslie C. Schefman and his summer law clerk. Judge Scheer found that Mr. Schefman's own billing consisting of 128.8 hours billed at the hourly rate of $225 for a total of $28,980 is reasonable, but he rejected billing submitted by Mr. Schefman's law clerk. Judge Scheer suggested that the law clerk's billing was deficient in that (a) it did not explain the nature of tasks performed; (b) it switched from the hour-and-minutes billing format (as in "55:45") to the decimal system format (as in "1.7 hours"); and (c) the supplemental declaration altogether failed to describe the qualifications of the clerk.

Judge Scheer then proceeded to deny expert witness expenses for Ives R. Potrafka and Anthony Ricigliano, who were retained by EMI and the Universal Defendants in the course of litigation. Services of Portrafka, who examined a zip disc obtained from the plaintiffs' counsel and performed the analysis of the Fharmacy computer, cost the two defendants $18,142.57; Ricigliano, who is a musicologist who compared the accused composition "Shot Down" with the plaintiffs' work "ESS Beats," cost the defendants $10,325. Although the magistrate judge denied the award of these fees against the plaintiffs under 17 U.S.C. § 505, siding with the majority of circuits that hold that the Copyright Act limits recovery to only taxable costs listed in 28 U.S.C. §§ 1821, 1920, he recommended that the defendants recover these costs from attorney Reed himself as a sanction under 28 U.S.C. § 1927. Judge Scheer concluded that these reports were necessary for the defendants toward off the "highly questionable evidence proffered by attorney Reed in support of his clients' copyright claims." R&R at 28.

The magistrate judge denied the request for recovery of computer billing costs, which is the single largest category of expenses sought by the defendants apart from the expert witness costs. Judge viewed these expenses as part of the attorney's fees and concluded that the defendants are not entitled to recover these expenses in addition to the attorney's fees. Nor was the magistrate judge sympathetic to the defendants' request for recovery of such expenses as copying, filing fees, telephone and facsimile charges, delivery expenses and service supplies. Judge Scheer concluded that, to the extent these fees are not recoverable under 28 U.S.C. § 1920 (which must be pursued under E.D. Mich. LR 54.1 and the Bill of Costs Handbook adopted by the Court), these expenses are subsumed within the overhead component of each particular attorney's hourly billing rate and are not recoverable. Judge Scheer directed the defendants to move for recovery of their court costs under Fed. R. Civ. P. 54(d) and the Local Rules within 28 days after the entry of judgment and recommended that each moving defendant "recover such costs as may be taxed by the clerk in accordance with that procedure." R&R at 31.

Finally, the magistrate judge addressed and rejected some of the arguments made by the plaintiffs against the award of attorney's fees and costs. Judge Scheer rejected the plaintiffs' accusations that the defendants' joint supplemental memorandum is untimely or deficient because it is not supported by an affidavit from each attorney who participated in the defense. The magistrate judge also rejected the plaintiffs' argument that EMI April Music, Inc. is not entitled to an attorney's fee award because their own counsel's misconduct vexatiously multiplied the proceedings. The magistrate judge viewed this argument foreclosed by this Court's consideration of the parties' respective motions for sanctions. Nor did the magistrate judge credit the plaintiffs' assertion that the amount of the plaintiffs' attorney's fees is excessive. In rejecting this assertion,

Judge Scheer found it significant that just twenty-two months into this litigation, Mr. Reed's own fees exceeded $160,000.

In total, Judge Scheer recommended an award of $546,199.89 in attorney's fees and costs, allocated as follows:

| **DEFENDANTS** | **RECOMMENDED RECOVERY** |
|---|---|
| Universal Defendants (The Island Def Jam Music Group, a division of UMG Recording, Inc., Universal Music Publishing, Inc., Universal Music and Video Distribution Corp., and Curtis Jackson) (represented by Dickinson Wright) | $229,578.00 in attorney's fees against the plaintiff and Gregory J. Reed, jointly and severally<br>$14,233.78 in expert witness expenses against Gregory J. Reed personally |
| EMI April Music, Inc. (represented by Butzel Long) | $225,720.00 in attorney's fees against the plaintiffs and Gregory J. Reed, jointly and severally<br>$14,233.78 in expert witness expenses against Gregory J. Reed personally |
| Janice Combs Publishing d/b/a Justin Combs Publishing (JSP) (represented by Plunkett Cooney, P.C. and then by Butzel Long; Johnathan D. Davis, P.C. does not recover anything) | $33,454.33 in attorney's fees against the plaintiffs and Gregory J. Reed, jointly and severally |
| Salaam Nassar and Soo Soo's Sweet Swisher Music (represented by Leslie C. Schefman) | $28,980.00 in attorney's fees against the plaintiffs and Gregory J. Reed, jointly and severally |
| All defendants | costs as may be taxed by the clerk in accordance with Fed. R. Civ. P. 54(d)(1) and E.D. Mich. LR 54.1 against the plaintiffs and Gregory J. Reed, jointly and severally |

III.

The plaintiffs filed several objections to the report. Curiously, none of the parties, including the plaintiffs, challenged the magistrate judge's calculation of the reasonable hours or his determination that the suggested hourly rates were reasonable. Instead, the plaintiffs' objections focus on procedural issues and other matters already decided by this Court and affirmed on appeal.

Objections to a report and recommendation dealing with the post-judgment motion for attorney's fees and costs are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir.2004).

The plaintiffs' first objection challenges the authority of the magistrate judge to take the referral from this Court and issue his report and recommendation. The plaintiffs maintain that the post-judgment referral of the motion for attorney's fees and costs to the magistrate judge exceeded the jurisdictional scope of 28 U.S.C. § 636(b)(1)(A). They cite *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and *Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995 (6th Cir. 1992), for that proposition and reason that since the May 31, 2008 order granting summary judgment closed the case, the Court could not refer a post-judgment matter to a magistrate judge.

Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive matters, such as summary judgment motions and motions for injunctions. Although a magistrate judge does not have the authority to *determine* dispositive motions, he still may conduct hearings on these motions and submit to the district court "proposed findings of fact and recommendations for . . . disposition" pursuant to 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement. "). In addition, a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

When a magistrate judge makes a recommendation, to be distinguished from a "determination," the parties are given an opportunity to file objections. *See* 28 U.S.C. § 636(b) ("Within fourteen days after being served with a copy, any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b). If objections are filed, the district judge makes "a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*." 28 U.S.C. § 636(b) (emphasis added). If a magistrate judge makes a "determination" of a matter, the district judge's review of it is circumscribed by the "clear error" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993), the case upon which the plaintiffs rely, the district judge referred a post-judgment motion for sanctions under Federal Rule of Civil Procedure 11 to a magistrate judge for "hearing and determination," and then proceeded to review the ensuing order under the clear error standard. The court of appeals held only that the district court should have reviewed the magistrate judge's findings *de novo*. The court did not hold that the referral was not authorized under the statute. Indeed, the Sixth Circuit has recognized that subsection 636(b)(3) authorizes referral to a magistrate judge of various post-judgment matters that "reasonably should bear some relation to the specified duties" in the statute, such as the determination of damages. *Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999) (quoting *Gomez v. United States*, 490 U.S. 858, 863-65 (1989)). The *Massey* court acknowledged as much with respect to post-judgment attorney's fee motions:

> [W]e have maintained that resolution of such motions is "dispositive of a claim." Fed. R. Civ. P. 72(b); *see Bennett*, 976 F.2d at 998 ("Nothing remained but to execute the judgment; therefore, [the magistrate judge's] purported order was dispositive of the Rule 11 matter and, consequently, dispositive of a 'claim' of a party. *Because this was a dispositive matter, under Fed. R. Civ. P. 72(b), the magistrate judge should have issued a report and recommendation for* de novo *review by the district court*.") (footnotes omitted); *see also Insurance Co. of N. Am. v. Bath*, 968 F.2d 20 (10th Cir. 1992). Consequently, we hold that the magistrate judge in the instant case did not have the authority to rule upon post-dismissal

motions for sanctions, fees and costs as requested by the district court. *See Weatherby v. Secretary of HHS*, 654 F. Supp. 96, 97 (E.D. Mich. 1987).

*Massey*, 7 F.3d at 510 (emphasis added).

More recently, the court of appeals has clarified that "[a] Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (citing *Massey*, 7 F.3d at 510-11). "After being presented with the Magistrate Judge's report and recommendation, the district court must then conduct a de novo review of the findings and issue an order as it sees fit." *Ibid*.

In this case, the Court referred the matter to Magistrate Judge Scheer to conduct appropriate hearings and issue a report and recommendation. The plaintiffs availed themselves of the opportunity to file objections, and the matter is now under *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The procedure utilized by the Court is authorized under 28 U.S.C. § 636(b)(3). *See Callier*, 167 F.3d at 983. The plaintiffs' first objection, therefore, has no merit.

Many of the plaintiffs' other objections address matters that have been presented previously to the Court in the several post-judgment motions the plaintiffs have filed, and these matters all have been decided adversely to the plaintiffs. For instance, the plaintiffs once again accuse the defendants of perpetrating fraud and argue that, as a result, the defendants are not entitled to attorney's fees. They base their accusations on a confirmation they received from the Copyright Office on November 12, 2009 that the plaintiffs had the CD of ESS Beats on file with the Copyright Office, which the defendants had secured on December 7, 2005. The plaintiffs take issue with the magistrate judge's conclusion that the plaintiffs' case was frivolous. They raise the issue of witness shopping concerning attorney Daniel Quick's decision to change an expert witness from Dr. Ferrara to Dr.

Ricigliano. And they deny any wrongdoing on their part. In the first set of supplemental objections, the plaintiffs renew the argument that the report of Ives Potrafka was unsigned and otherwise fails the *Daubert* standards and suggest that it was the defendants' attorneys who drafted the report. The second set of supplemental objections are merely a re-rehash of many of these same matters.

The Court need not address specifically any of these items, as they all have been considered and decided against the plaintiffs in the context of other motions in the case. The confirmation that the plaintiffs received from the Copyright Office (verifying that the defendants were provided a copy of the CD on file with the Copyright Office) does not provide new evidence for the Court to consider. The main point of contention was not that the defendants could not access the item on file with the Copyright Office; rather it related to the authenticity of electronic files that appear on the original CD sent to the Copyright Office — that is, the original CD that the defendants never received. As to the expert witness issue, the defendants explained previously that the substitution of Lawrence Ferrara for Mr. Ricigliano as an expert witness became necessary after the defendants learned during the deposition of R.J. Rice that Mr. Rice's counsel had initially contacted Dr. Ferrara about the song at issue. These objections are overruled.

Next, the plaintiffs argue that Magistrate Judge Scheer was mistaken when he stated that the defendants had to respond to nine post-judgment motions filed by the plaintiffs. In fact, contend the plaintiffs, the defendants did not respond to any of these post-judgment motions. According to the plaintiffs, the magistrate judge also acted improperly when he overlooked the defendants' violations of Rule 54 (which required submission of the cost application within 28 days from the date of the judgment) and allowed expenses for expert witnesses in the absence of formal invoices. The plaintiffs also complain that in 2005, the defendants violated the Court's order directing them to

obtain new counsel within sixty days, which in turn resulted in extension of proceedings by 145 days. The record does not substantiate the plaintiffs' arguments. The defendants responded to most of the post-judgment motions. The attorney's fee motion was filed in accordance with Rule 54, after which it was adjudicated by the Court, which in turn resulted in the referral to the magistrate judge. The objection concerning substitution of an attorney has no bearing on the magistrate judge's recommendation.

The plaintiffs next challenge the report and recommendation based on the fact that not all attorneys involved in representation of the defendants submitted personal affidavits, as required by Fed. R. Civ. P. 54(d) and Local Rule 54.1.2. However, the record contains verification of the hours expended by the various law firms and declarations are filed by lead counsel. Local Rule 54.1.2 requires only an "affidavit of counsel," — most frequently, a supervising attorney — which was provided in this case. *See also FTSS Korea v. First Technology Safety Sys., Inc.*, 254 F.R.D. 78, 81 (E.D. Mich. 2008) (awarding attorney's fees on the basis of counsel's billing statement, notwithstanding the absence of any affidavits).

The plaintiffs next object to the portion of the magistrate judge's report that directs the defendants to submit a bill of costs in accordance with the Bill of Costs Handbook. According to the plaintiffs, the defendants' requests for costs is untimely (under Local Rule 54.1, such request must be brought within 28 days from the date of the judgment) and should not be authorized now. The plaintiffs also maintain that pursuant to the handbook, expert fees are not recoverable in the absence of trial; transcript costs are not recoverable unless ordered by the Court; and costs of copying and distributing CDs are not recoverable. A related objection is that the defendants filed their joint supplemental memorandum late – five months after the April 14, 2008 deadline. The bill

of costs issue can be decided by the Clerk if the defendants ever submit such a filing. The matter presently is not before the Court. The alleged tardiness of the defendants' supplemental submission is a procedural matter that should have been addressed to the magistrate judge. It has no bearing on the recommendation presently before the Court for review.

The plaintiffs object to an award of attorney's fees to Michael Socha and Bea Swedlow who allegedly questioned the plaintiffs' witness Rofael Jackson without the plaintiffs' counsel's permission. The Court finds no support for this claim in the record and overrules this objection.

Next, the plaintiffs attack sufficiency of the defendants' billing statements on the ground that the defendants failed to produce engagement letters, copies of joint defense agreements, and necessary documentation regarding costs. The plaintiffs also charge that the defendants engaged in block/excessive/double billing, included superfluous charges, and redacted certain entries so the plaintiffs and the Court cannot assess their reasonableness. The Court agrees with the magistrate judge that the information presented by the defendants is adequate and sufficiently verifiable to ascertain the reasonable time spent in the defense of the plaintiffs' claims under the lodestar method. That objection is overruled.

IV.

The Court concludes that the magistrate judge properly determined the issues and his findings are amply supported by the record. The plaintiffs' objections lack merit and are overruled. The magistrate judge properly suggested the appropriate amounts of reasonable costs and expenses that the respective defendants should recover from the plaintiffs and their attorney, Gregory J. Reed, jointly and several, and against Mr. Reed separately, under the Copyright Act and 28 U.S.C. § 1927, and the Court adopts those recommendations as its own findings, in the absence of valid objections

thereto by the plaintiffs. The magistrate judge recommended that no fees or expenses be awarded against attorney Stephanie Hammonds, and in the absence of objections from the defendants, the Court adopts that conclusion as its own as well.

Accordingly, the defendants' motion for attorney's fees and costs [dkt #252] is **GRANTED IN PART**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #s 321, 323, 326] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #320] is **ADOPTED**.

It is further **ORDERED** that the defendants shall have judgment against the plaintiffs and their counsel in the amount recommended by the magistrate judge.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 23, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO